UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO.:

Yefferson Amarante,
and other similarly situated individuals

    Plaintiff (s),

v.

MDC Steel Services, Inc.,
Michael D. Chepenik,
and Shala D. Egan, individually

    Defendants,

_____/

**COLLECTIVE ACTION COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff Yefferson Amarante, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants MDC Steel Services, Inc., Michael D. Chepenik, and Shala D. Egan, individually, and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover monetary damages for unpaid wages, unpaid overtime compensation, and retaliation under the laws of the United States. Jurisdiction is conferred on the Court by Title 28 USC § 1337 and by Title 29 USC §201-219 (Section 216 (b) for jurisdictional placement).

2. Plaintiff Yefferson Amarante is a resident of Kissimmee, Osceola County, Florida, working in Fort Pierce, St. Lucie, within this Honorable Court's jurisdiction and is otherwise sui-juris. Plaintiff is a covered employee for purposes of the Act.

3. Corporate Defendant MDC Steel Services, Inc. (hereinafter MDC Steel Services, or Defendant) is a Florida corporation with a place of business in Fort Pierce. St. Lucie County, Florida. Defendant was and is engaged in interstate commerce.

4. The individual Defendants, Michael D. Chepenik and Shala D. Egan, were and are now the owners/partners/officers and managers of Defendant corporation MDC Steel Services. These individual Defendants were the Employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

5. All the actions raised in this Complaint occurred in St. Lucie County, Florida, within this Court's jurisdiction.

General Allegations

6. Plaintiff Yefferson Amarante brings this cause of action as a collective action to recover from the Defendants regular wages, overtime compensation, liquidated damages, costs, and reasonable Attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLSA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after August 2022, (the "material time") without being adequately compensated.

7. Defendant MDC Steel Services is a manufacturer of metal structures and a provider of welding services. Defendant MDC Steel Services was and is engaged in interstate commerce as defined in §3(s) of the Act, 29 USC § 203(s)(1)(B). Defendant employed more than two employees engaged in interstate commerce.

Upon information and belief, the annual gross revenue of the Employer/Defendant was in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

8. Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce, handling and working on goods and materials that were produced for commerce and moved across State lines at any time during business. Therefore, there is FLSA individual coverage.

9. For the reasons stated above, Defendant MDC Steel Services must comply with the minimum wage and overtime requirements of the FLSA.

10. Defendants MDC Steel Services, Michael D. Chepenik, and Shala D. Egan employed Plaintiff Yefferson Amarante as a non-exempt, full-time, hourly employee from August 15, 2022, to August 22, 2023, or 50 weeks. However, for FLSA purposes, Plaintiff's relevant employment period is 39 weeks. Plaintiff was absent from work for about eleven weeks due to an accident he suffered.

11. Plaintiff Yefferson Amarante had duties as a welder. Plaintiff's duties included welding metal structures and stairs at various job sites in Fort Pierce.

12. Plaintiff had a regular wage rate of $26.00 an hour. Plaintiff's overtime rate should be $39.00 an hour.

13. During his employment with Defendant, Plaintiff worked six days per week. From Monday to Saturday, Plaintiff worked approximately from 7:00 AM to 5:00 PM (10 hours per day), or 57.3 hours per week. Plaintiff has deducted 2.7 hours, corresponding to 2.7 lunchtime hours weekly (0.45 minutes x 6 days = 2.70 hours).

14. Plaintiff worked in excess of 40 hours, but he was not paid for overtime hours.

Plaintiff was paid for all his working hours but at his regular rate.

15. In addition, while employed by Defendants, Plaintiff was not paid his wages timely on payday. Defendants always paid Plaintiff late.

16. Plaintiff complained many times about unpaid overtime and unpaid regular wages.

17. On or about August 02, 2023, Plaintiff complained one more time because he had not been paid for four weeks.

18. Defendants gave Plaintiff 3 checks with no funds, which caused a lot of problems for Plaintiff.

19. Plaintiff complained to supervisor Wilmer Mejias, who immediately stated that Plaintiff could not continue working for Defendants because he complained too much and fired Plaintiff.

20. Defendants refused to pay Plaintiff his hard-earned 4 weeks of work at the time of his termination.

21. There was a substantial number of hours that were not paid to Plaintiff at any rate, not even at the minimum wage rate, as required by law.

22. Plaintiff did not clock in and out. However, Defendants knew the number of hours that Plaintiff was working. Plaintiff worked under the supervision of the owner of the business, Michael D. Chepenik, and supervisor, Wilmer Mejia.

23. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 USC §206, et seq.

24. Defendants also failed to pay Plaintiff overtime hours at the rate of time and one-half their regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

25. Plaintiff was paid weekly for his first 40 hours with checks and the overtime hours at his regular rate and in cash, without paystubs providing accurate information about the number of days and hours worked.

26. At times mentioned, individual Defendants Michael D. Chepenik and Shala D. Egan were, and are now, the owners/partners/managers of MDC Steel Services. Defendants Michael D. Chepenik and Shala D. Egan were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. These individual Defendants acted directly in MDC Steel Services' interests concerning its employees, including Plaintiff and others similarly situated. Defendants Michael D. Chepenik and Shala D. Egan had financial and operational control of the business, determining Plaintiff's terms and conditions of employment. Accordingly, they are jointly and severally liable for Plaintiff's damages.

27. Plaintiff Yefferson Amarante seeks to recover unpaid regular and overtime wages accumulated during his employment with Defendant, plus retaliatory damages, liquidated damages, and any other relief allowable by law.

Collective Action Allegations

28. Plaintiff Yefferson Amarante brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

29. Plaintiff contends that Defendant, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper

compensation for regular wages and overtime compensation at the rate of time and one-half their regular rate.

30. The additional persons who may become Plaintiff in this action are weekly-paid employees and/or former employees of Defendant who are and were subject to the unlawful payroll practices and procedures of Defendant and were not paid overtime hours at the rate of time and one-half their regular rate of pay for every hour worked over forty.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS**

31. Plaintiff Yefferson Amarante re-adopts every factual allegation as stated in paragraphs 1-30 above as set out in full herein.

32. This cause of action is brought by Plaintiff Yefferson Amarante as a collective action to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable Attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLSA or the "Act"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after August 2022, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

33. Defendants MDC Steel Services, Michael D. Chepenik, and Shala D. Egan employed Plaintiff Yefferson Amarante as a non-exempt, full-time, hourly employee from August 15, 2022, to August 02, 2023, or 50 weeks. However, for

FLSA purposes, Plaintiff's relevant employment period is 39 weeks. Plaintiff was absent from work for about eleven weeks due to an accident he suffered.

34. Plaintiff Yefferson Amarante had duties as a welder. Plaintiff had a regular wage rate of $26.00 an hour. Plaintiff's overtime rate should be $39.00 an hour.

35. During his employment with Defendant, Plaintiff worked six days per week, 57.3 hours per week. Plaintiff has deducted 2.7 hours corresponding to 2.7 lunchtime hours (0.45 minutes x 6 days =2.70 hours).

36. Plaintiff worked in excess of 40 hours, but he was not paid for overtime hours. Plaintiff was paid for all his working hours but at his regular rate.

37. In addition, while employed by Defendants, Plaintiff was not paid his wages timely on payday. Defendants always paid Plaintiff late.

38. Plaintiff complained many times about unpaid overtime and unpaid regular wages.

39. Plaintiff did not clock in and out. However, Defendants knew the number of hours that Plaintiff was working. Plaintiff worked under the supervision of the owner of the business, Michael D. Chepenik, and supervisor, Wilmer Mejia.

40. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half their regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

41. Plaintiff was paid weekly for his first 40 hours with checks and the overtime hours at his regular rate and in cash, without paystubs providing accurate information about the number of days and hours worked.

42. Plaintiff was fired on or about August 03, 2023, because he complained about

unpaid regular and overtime wages.

43. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation paid to such employees should be in the Defendants' possession and custody. However, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief.

44. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

45. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendant violated the Posting requirements of 29 USC § 516.4.

46. Plaintiff is not in possession of time and payment records, but he will provide a good-faith Statement of Claim based on his recollection.

   * Plaintiff will amend his calculations after proper discovery.

   a. <u>Total amount of alleged unpaid O/T wages</u>:

      Eight Thousand Seven Hundred Seventy-One Dollars and 10/100 ($8,771.10)

   b. <u>Calculation of such wages</u>:

      Total weeks of employment:  39 weeks
      Total number of relevant weeks: 39 weeks
      Total number of hours worked:  57.3 hours weekly
      Total number of O/T hours: 17.3 hours weekly
      Wage rate: $26.00 an hour x 1.5=$39.00 an hour
      O/T rate: $39.00 an hour-$26.00 rate paid=$13.00 difference
      Half-time O/T: $13.00

      O/T $13.00 x 17.3 O/T hours= $224.90 weekly x 39 weeks=$8,771.10

    c. <u>Nature of wages (e.g., overtime or straight time):</u>

    This amount represents unpaid overtime wages.[1]

47. At all times, the Employers/Defendants failed to comply with Title 29 USC §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, no provision was made by Defendants to properly pay them at the rate of time and one half for all hours worked over forty hours (40) per workweek as provided in said Act.

48. Defendants knew and showed reckless disregard for the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act, and Plaintiff and those similarly situated are entitled to recover double damages.

49. Defendants MDC Steel Services, Michael D. Chepenik, and Shala D. Egan willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half their regular rate, as required by the law of the United States and remain owing Plaintiff these overtime wages since the commencement of Plaintiff' employment with Defendants as set forth above.

50. Plaintiff has retained the law offices of the undersigned Attorney to represent him in this action and is obligated to pay reasonable Attorney's fees.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Yefferson Amarante and those similarly situated respectfully request that this Honorable Court:

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves his rights to amend the calculations.

A.  Enter judgment for Plaintiff Yefferson Amarante and other similarly situated individuals and against Defendants MDC Steel Services, Michael D. Chepenik, and Shala D. Egan based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B.  Award Plaintiff Yefferson Amarante actual damages in the amount shown to be due for unpaid overtime compensation for hours worked over forty weekly, with interest; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff reasonable Attorney's fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

Demand for a Jury Trial

Plaintiff Yefferson Amarante demands a trial by a jury of all issues triable as of right by a jury.

<b>COUNT II:<br>FLSA WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS</b>

51. Plaintiff Yefferson Amarante re-adopts every factual allegation stated in paragraphs 1-30 of this Complaint as if set out in full herein.

52. This action is brought by Plaintiff to recover from the Employers unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable Attorney's fees under the provisions of 29 USC § 201 et seq., and specifically under the provisions of 29 USC §206. USC §206 states, "Every Employer shall pay to each of his employees who in any workweek is engaged in commerce or the

production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates: 1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day, and

(C) $7.25 an hour, beginning 24 months after that 60th day.

53. Defendants MDC Steel Services, Michael D. Chepenik, and Shala D. Egan employed Plaintiff Yefferson Amarante as a non-exempt, full-time, hourly employee from August 15, 2022, to August 22, 2023, or 50 weeks. However, for FLSA purposes, Plaintiff's relevant employment period is 39 weeks. Plaintiff was absent from work for about 20 weeks due to an accident he suffered.

54. Plaintiff Yefferson Amarante had duties as welder. Plaintiff had a regular wage rate of $26.00 an hour.

55. During his employment with Defendant, Plaintiff worked six days per week, 57. 3 hours per week. Plaintiff has deducted 2.7 hours, corresponding to 2.7 lunchtime hours weekly, (0.45 minutes x 6 days=2.70 hours).

56. Plaintiff worked in excess of 40 hours, but he was not paid for overtime hours. Plaintiff was paid for all his working hours but at his regular rate.

57. While employed by Defendants, Plaintiff was not paid his wages timely on payday. Defendants always paid Plaintiff late.

58. Plaintiff complained many times about unpaid overtime and unpaid regular wages.

59. On or about August 02, 2023, Plaintiff complained again because he had not been paid for four weeks.

60. Defendants gave Plaintiff 3 checks with no funds, which caused a lot of problems for Plaintiff.

61. Plaintiff complained to supervisor Wilmer Mejias, who immediately stated that Plaintiff could not continue working for Defendants because he complained too much and fired Plaintiff.

62. Defendants refused to pay Plaintiff his hard-earned 4 weeks of work at the time of his termination.

63. There was a substantial number of hours that were not paid to Plaintiff at any rate, not even at the minimum wage rate, as required by law.

64. Plaintiff did not clock in and out. However, Defendants knew the number of hours that Plaintiff was working. Plaintiff worked under the supervision of the owner of the business Michael D. Chepenik, and supervisor Wilmer Mejia.

65. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 USC §206, et seq.

66. Plaintiff was paid weekly for his first 40 hours with checks and the overtime hours at his regular rate and in cash, without paystubs providing accurate information about the number of days and hours worked.

67. The records, if any, concerning the number of hours actually worked by Plaintiff and those similarly situated and the compensation actually paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

68. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 USC § 516.

69. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid wages is as follows:

*Please note that this amount is based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.
*Florida's minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

   a. <u>Total amount of alleged unpaid wages</u>:

   One Thousand Seven Hundred Sixty Dollars and 00/100 ($1,760.00)

   b. <u>Calculation of such wages</u>:

   Total period of employment: 39 weeks
   Total number of unpaid weeks: 4 weeks
   Total number of unpaid hours: 40 hours weekly
   Regular rate: $26.00
   Fl Minimum wage 2023: $11.00

   $11.00 x 40 hours=$440.00 weekly x 4 week= $1,760.00

   c. <u>Nature of wages:</u>

   This amount represents regular unpaid wages in Florida minimum wage rate[2]

---

[2] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves his rights to amend the calculations.

70. Defendants MDC Steel Services, Michael D. Chepenik, and Shala D. Egan unlawfully failed to pay minimum wages to Plaintiff.

71. Defendants knew and showed reckless disregard for the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remained owing Plaintiff these minimum wages.

72. Defendants MDC Steel Services, Michael D. Chepenik, and Shala D. Egan willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States and remain owing Plaintiff these minimum wages as set forth above.

73. Plaintiff has retained the law offices of the undersigned Attorney to represent him individually and on behalf of the asserted class and incurred Attorney's fees and costs in bringing this action. Pursuant to 29 USC § 216 (b), Plaintiff is entitled to recover reasonable Attorney's fees and costs.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Yefferson Amarante respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and against the Defendants MDC Steel Services, Michael D. Chepenik, and Shala D. Egan based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable Attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Yefferson Amarante, and those similarly situated demand trial by a jury of all issues triable as a right by a jury.

**COUNT III:**
**FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3)**
**RETALIATORY DISCHARGE; AGAINST ALL DEFENDANTS**

74. Plaintiff Yefferson Amarante re-adopts every factual allegation stated in paragraphs 1-30 of this Complaint as if set out in full herein.

75. Defendant MDC Steel Services was and is engaged in interstate commerce as defined in §3(s) of the Act, 29 USC § 203(s)(1)(B).

76. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

77. 29 USC § 206 (a) (1) states, "….an employer must pay a minimum wage of $5.15/hr. to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

78. 29 USC § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours over forty at the rate of at least one and one-half times the employee's regular rate…"

79. Likewise, 29 USC 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any

proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

80. Defendants MDC Steel Services, Michael D. Chepenik, and Shala D. Egan employed Plaintiff Yefferson Amarante as a non-exempt, full-time, hourly employee from August 15, 2022, to August 22, 2023, or 50 weeks. However, for FLSA purposes, Plaintiff's relevant employment period is 39 weeks. Plaintiff was absent from work for about 20 weeks due to an accident he suffered.

81. Plaintiff Yefferson Amarante had duties as a welder. Plaintiff had a regular wage rate of $26.00 an hour. Plaintiff's overtime rate should be $39.00 an hour.

82. During his employment with Defendant, Plaintiff worked six days per week, 57. 3 hours per week. Plaintiff has deducted 2.7 hours, corresponding to 2.7 lunchtime hours weekly (0.45 minutes x 6 days =2.70 hours).

83. Plaintiff worked in excess of 40 hours, but he was not paid for overtime hours. Plaintiff was paid for all his working hours but at his regular rate.

84. In addition, while employed by Defendants, Plaintiff was not paid his wages timely on payday. Defendants always paid Plaintiff late.

85. Plaintiff complained many times about unpaid overtime and unpaid regular wages.

86. On or about August 02, 2023, Plaintiff complained again because he had not been paid for four weeks.

87. These complaints constituted protected activity under 29 U.S.C. 215(a)(3)

88. Defendants gave Plaintiff 3 checks with no funds, which caused a lot of problems for Plaintiff.

89. Plaintiff complained to supervisor Wilmer Mejias, who immediately stated that

Plaintiff could not continue working for Defendants because he complained too much and fired Plaintiff.

90. Defendants refused to pay Plaintiff his hard-earned 4 weeks of work at the time of his termination.

91. A substantial number of hours were not paid to Plaintiff at any rate, not even at the minimum wage rate, as required by law.

92. Plaintiff did not clock in and out. However, Defendants knew the number of hours that Plaintiff was working. Plaintiff worked under the supervision of the owner of the business, Michael D. Chepenik, and supervisor Wilmer Mejia.

93. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 USC §206, et seq. Defendants also failed to pay Plaintiff overtime wages, at the rate of time and a half their regular rate, for every hour that they worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

94. At all times during their employment, Plaintiff performed his work satisfactorily. Accordingly, there was no reason other than unlawful employment practices to discharge Plaintiff.

95. The motivating factor that caused Plaintiff's discharge, as described above, was his complaints about unpaid regular and overtime wages. In other words, Plaintiff would not have been discharged but for his complaints about unpaid regular and overtime wages.

96. Defendants MDC Steel Services, Michael D. Chepenik, and Shala D. Egan willfully and maliciously retaliated against Plaintiff by engaging in a retaliatory action

materially adverse to a reasonable employee and with the purpose of dissuading them from exercising his rights under 29 USC 215(a)(3).

97. Defendants' discharge of Plaintiff was in direct violation of 29 USC 215 (a)(3), and, as a direct result, Plaintiff has been damaged.

98. Plaintiff Yefferson Amarante has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorneys' fees.

## Prayer for Relief

Wherefore, Plaintiff Yefferson Amarante respectfully requests that this Honorable Court:

A. Enter judgment declaring that the discharge of Plaintiff Yefferson Amarante by Defendants MDC Steel Services, Michael D. Chepenik, and Shala D. Egan was an unlawful act of retaliation in violation of 29 USC 215 (a) (3).

B. Enter judgment against Defendants MDC Steel Services, Michael D. Chepenik, and Shala D. Egan, awarding Plaintiff Yefferson Amarante liquidated damages in an amount equal to the amount awarded as consequential damages;

C. For all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages

D. Enter judgment awarding Plaintiff reasonable Attorney's fees and costs of this suit; and

E. Grant such other and further relief as this Court deems necessary and proper.

<u>Demand for a Jury Trial</u>

Plaintiff Yefferson Amarante demands trial by a jury of all issues triable as of right by a jury.

Date: August 31, 2023

                                              Respectfully submitted,

                                              By:  <u>/s/ **Zandro E. Palma**</u>
ZANDRO E. PALMA, PA.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*